IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COURTNEY BOYD, ) | |
| AIS #208921, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-524-MEF |
| ) | [WO] |
| ) | |
| SUSANNE BUSH, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Courtney Boyd ["Boyd"], a state inmate and frequent litigant in this court, challenges the constitutionality of actions taken against him by medical personnel and correctional officials at the Easterling Correctional Facility. He also asserts that collection of a co-payment for visits to the health care unit violates his constitutional rights as it is not authorized by state law.

Upon review of the complaint, the court concludes that dismissal of the plaintiff's claim challenging the collection of a medical co-payment prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

### A. The Constitutional Claim

Boyd complains that his constitutional rights have been violated because a $3.00 co-payment is deducted from the funds available in his prison account each time he seeks medical treatment. This claim entitles the plaintiff to no relief.

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981). The action about which Boyd complains, standing alone, does not violate the Constitution. The mere fact that an inmate is assessed a $3.00 co-payment for medical treatment does not in any way deprive him of a protected right, privilege or immunity. *Shapley v. Nevada Board of State Prison Commissioners*, 766 F.2d 404, 408 (9th Cir. 1985) (imposition of fee for medical treatment provided to an inmate does not amount to a constitutional violation); *Bester v. Dr. Wilson*, 2000 WL 1367984 at *8 (S.D. Ala. August 18, 2000) ("[T]he charging of a fee to prisoners for medical treatment from their funds has been held to be constitutional when challenged on several due process and Eighth Amendment grounds."). Boyd does not allege that medical personnel denied him treatment because of his inability to pay the fee. Thus, Boyd has failed to allege a violation of his constitutional rights. In light of the foregoing, it is clear that this claim lacks an arguable basis and is subject to dismissal under the provisions of 28

U.S.C. § 1915(e)(2)(B)(i).  *See Neitzke v. Williams*, 490 U.S. 319 (1989).[2]

## B.  The State Law Claim

To the extent Boyd asserts a violation of state law as the basis for relief on his medical co-payment claim, he is entitled to no relief from this court.  Review of a state law claim is appropriate only upon exertion of this court's supplemental jurisdiction.  In the posture of this case, however, the exercise of supplemental jurisdiction over this claim is inappropriate.

The court's exercise of supplemental jurisdiction over the state law claim is completely discretionary.  Under 28 U.S.C. § 1367(c)(3), the court may "decline to exercise supplemental jurisdiction over a [state law] claim if the district court has dismissed [the related federal] claim[] over which it has original jurisdiction ...."  The court's discretion is advised by *Untied Mine Workers v. Gibbs*, 383 U.S. 715 (1966), in which the Court held that

> [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.  Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*Id.* at 726.  In *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), the Supreme Court reiterated that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the [claim] without prejudice ...."   Accordingly, the court

---

[2]Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

concludes that Boyd's claim alleging a violation of state law with respect to collection of a $3.00 medical co-payment should be dismissed without prejudice.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claim alleging a violation of his constitutional rights with respect to collection of a $3.00 medical co-payment be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's claim alleging violation of state law in the collection of a $3.00 medical co-payment be dismissed without prejudice to the rights of the plaintiff to raise this claim in state court.

3. This case, with respect to the remaining claims for relief, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before July 23, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

*banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of July, 2007.

                                        /s/Charles S. Coody
                                CHARLES S. COODY
                                CHIEF UNITED STATES MAGISTRATE JUDGE