IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

COURTNEY BOYD (AIS # 208921),        §
                                     §
        Plaintiff,                   §
                                     §        Civil Action No.: 2:07-cv-524-MEF
vs.                                  §
                                     §
SUSANNE BUSH, et al.,                §
                                     §
        Defendants.                  §

## SPECIAL REPORT OF DEFENDANTS JEAN DARBOUZE, M.D., KAY WILSON, R.N., H.S.A. AND SUSANNE BUSH, L.P.N.

COME NOW Defendants, Jean Darbouze, M.D. (identified in Plaintiff's Complaint as "Dr. Jean Darbouze"); Kay Wilson, R.N., H.S.A. (identified in Plaintiff's Complaint as "Kay Wilson, RN"); and Susanne Bush, L.P.N., (hereinafter referred to collectively as "the Medical Defendants") and in response to this Honorable Court's Order present the following Special Report with regard to this matter:

## I. INTRODUCTION

The Plaintiff, Courtney Boyd (AIS# 208921) is an inmate currently confined at Easterling Correctional Facility located in Clio, Alabama. On June 14, 2007, Mr. Boyd filed a Complaint against Jean Darbouze, M.D., Easterling's Medical Director; Kay Wilson, R.N., H.S.A., Easterling's Health Services Administrator; and Susanne Bush, L.P.N., a licensed practical nurse at Easterling, alleging that Dr. Darbouze and Nurse Wilson failed to provide him with appropriate medical treatment between March 19, 2007 and March 26, 2007. (See Compl.).[1] Mr. Boyd makes an allegation of racial

---

[1]   This is the second lawsuit Mr. Boyd has filed against Defendants Darbouze and Wilson regarding medical treatment received at Easterling Correctional Facility. Boyd's initial action is pending as 2:06-cv-511-WKW before the Honorable Charles S. Coody.

discrimination against Nurse Bush regarding alleged statements made to him while being treated in Easterling's health care unit on March 19, 2007. (See Compl.). Mr. Boyd brings these claims pursuant to 42 U.S.C. § 1381(a), 42 U.S.C. § 1334, and 28 U.S.C. § 1367 as well as the Eighth and Fourteenth Amendments to the United States Constitution. (Id.) The Plaintiff demands $9 Million in compensation from each Medical Defendant. (Id.)

It is clear from the face of Plaintiff's Complaint that he has failed to state an appropriate cause of action against the Medical Defendants. (See Compl.). The Plaintiff brings this action against Dr. Darbouze, Nurse Wilson and Nurse Bush pursuant to 42 U.S.C. § 1381(a); 42 U.S.C § 1334 and 28 U.S.C. § 1367. (See Compl.) 42 U.S.C § 1381(a) establishes an entitlement to benefits for those persons found to be aged, blind or disabled for purposes of Social Security. Id. 42 U.S.C § 1381(a) provides no basis under the law for recovery for damages arising from medical malpractice or racial discrimination/hostility. Id. 42 U.S.C § 1334 was repealed on July 18, 1984. Id. Prior to being repealed, however, this section provided for reconversion unemployment benefits for seamen. Id. 42 U.S.C. § 1334 has no bearing on the facts of this case and certainly does not provide a cause of action for the recovery of damages arising from medical malpractice or racial discrimination/hostility. Id. 28 U.S.C. § 1367 provides for the exercise of supplemental jurisdiction. Id. Here, there are no pending state claims necessitating the exercise of supplemental jurisdiction. (See Compl.). As such, 28 U.S.C. § 1367 is inapplicable as well.

The Plaintiff has failed to state a cognizable claim against Dr. Darbouze and Nurse Wilson for deliberate indifference to serious medical needs constituting cruel and

unusual punishment under the Eighth or Fourteenth Amendments. (See Compl.)
Moreover, plaintiff has failed to allege a cause of action against Nurse Bush pursuant to
the Eighth or Fourteenth Amendments for racial discrimination. (See Compl). It is well
settled that "allegations of verbal abuse and harassment by prison officials toward an
inmate do not constitute punishment within the meaning of the Eighth Amendment. Even
the occasional or sporadic use of racial slurs, although unprofessional and reprehensible,
does not rise to a level of constitutional magnitude." See Young v. Ward, 1998 U.S. App.
LEXIS 13397 (6th Cir. 1998).

However, as directed, the Medical Defendants have undertaken a review of
Plaintiff Boyd's claims to determine the facts and circumstances relevant thereto. At this
time, the Medical Defendants are submitting this Special Report, which is supported by
excerpts taken from Plaintiff Boyd's medical records (attached hereto as Ex. "A-1
through A-7"); the Affidavit of Jean Darbouze, M.D. (attached hereto as Ex. "B"); the
Affidavit of Kay Wilson, R.N., H.S.A. (attached hereto as Ex. "C"); and the Affidavit of
Susanne Bush, L.P.N. (attached hereto as Ex. "D"). These evidentiary materials
demonstrate that Dr. Darbouze and Nurse Wilson have  provided Plaintiff Boyd with
appropriate medical treatment at all times, and that Nurse Bush has not acted toward the
Plaintiff in a racially hostile manner. (See Ex. "B"-"D"). The allegations in Plaintiff's
Complaint are without merit.

## II.    NARRATIVE SUMMARY OF FACTS

At all pertinent times, Courtney Boyd (AIS# 208921) has been incarcerated as an
inmate at Easterling Correctional Facility. (See Ex. "B"-"D"). Mr. Boyd has been seen
and evaluated by Easterling's medical or nursing staff, and has been referred to an

appropriate care provider and given appropriate care, each time he has registered any health complaints at Easterling. (See Ex. "B" and "C").

Mr. Boyd has made a complaint in this case that Dr. Darbouze and Nurse Wilson failed to provide him with appropriate evaluation and treatment from March 19, 2007 through March 26, 2007. (See Compl.). Mr. Boyd's allegations in this regard are completely unfounded. (See Ex. "B" and "C").

On March 19, 2007, Mr. Boyd presented to Easterling's health care unit with a subjective complaint for back and chest pain. (See Ex. "A-1" and "B"). It was noted that Mr. Boyd ambulated to the health care unit with a slow, steady gait. (Id.) He was found to be alert and oriented times three with even and unlabored respirations. (Id.) His skin was dry to the touch and he had no nausea, vomiting or shortness of breath. (Id.) His pain did not radiate. (Id.) Mr. Boyd was afforded an EKG, which was normal. (Id.) He was given Tylenol for pain and Maalox, an acid reducer, for reflux. (Id.)

Mr. Boyd returned to the health care unit three days later on March 22, 2007 with continuing complaints for acid reflux. (See Ex. "A-2" and "B"). It was again noted that Mr. Boyd ambulated to the health care unit with a steady gait. (Id.) He was alert and oriented times three, with dry skin and even and unlabored respirations. (Id.) He was noted to be in no acute distress. (Id.) Mr. Boyd requested Zantac and a repeat EKG. (Id.) Mr. Boyd was instructed that a repeat EKG was not indicated on this date. (Id.) He was offered Maalox, which was refused. (Id.)

The next day, March 23, 2007, Mr. Boyd again presented to the health care unit stating that he slipped on a puddle of water while "mopping the lobby." (See Ex. "A-3" and "B"). Mr. Boyd complained that his "back went out" and that his right leg "started

numbing." (Id.)  He was placed in a neck brace pending evaluation. (Id.)  Dr. Darbouze

evaluated Mr. Boyd and determined that he was in no acute distress. (Id.)  His neck brace

was removed and he was given Tylenol and Flexeril for pain and stiffness. (Id.)  Later

that day, Mr. Boyd was brought to the health care unit by correctional officers for an

ADOC body chart following an altercation with corrections personnel. (See Ex. "A-4"

and "B").  Mr. Boyd was evaluated and it was determined that he had a scrape on his left

knee without bleeding. (Id.)  There were no injuries noted to his head; no other cuts,

bruises or abrasions were noted. (Id.)  He was found to be alert and oriented times three.

(Id.)  No complaints were voiced and no other visible disturbance was noted. (Id.)  Mr.

Boyd was scheduled to present to the health care unit on March 25, 2007 for evaluation,

but refused. (Id.)

Mr. Boyd also makes an allegation against Kay Wilson, R.N., H.S.A. in this

matter alleging that she failed to provide him with appropriate medical treatment between

March 19, 2007 and March 26, 2007. (See Compl.).  Mr. Boyd does not, however,

specify (1) that medical treatment that Nurse Wilson failed to provide, or (2) how Nurse

Wilson failed to provide him with appropriate treatment. (See Ex. "C").  Nurse Wilson

defers to Jean Darbouze, M.D. with regard to the medical treatment provided to this

inmate between March 19, 2007 and March 26, 2007. (Id.)

Mr. Boyd's medical conditions and complaints have been evaluated in a timely

fashion at Easterling Correctional Facility and his diagnosed conditions have been treated

in a timely and appropriate fashion. (See Ex. "B" and "C").  At all times, he has received

appropriate medical treatment for his health conditions at Easterling. (Id.)  At no time

has he been denied any needed medical treatment. (Id.)

The appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate. (Id.)  At no time have the Defendants or any of the medical or nursing staff at Easterling, denied Mr. Boyd any needed medical treatment, nor have they ever acted with deliberate indifference to any serious medical need of Mr. Boyd. (Id.) At all times, Mr. Boyd's known medical complaints and conditions have been addressed as promptly as possible under the circumstances. (Id.)

Mr. Boyd has also made an allegation that Nurse Bush violated his constitutional rights pursuant to the Eighth and Fourteenth Amendments to the United States constitution by referring to him in a racially hostile manner. (See Compl.).  Plaintiff's claims against Nurse Bush are unfounded as well.

On March 19, 2007, Mr. Boyd submitted an inmate grievance form to Kay Wilson, R.N., H.S.A. stating that Nurse Bush refused to take Mr. Boyd's vital signs on that date due to his race. (See Ex. "A-4" and "D").  Specifically, Mr. Boyd stated in his grievance, "[n]urse Ms. Bush every time she see me, she kick her noise as if she hate me because I'm a Black man!"  (Id.)  Mr. Boyd subsequently submitted a letter to Ms. Sharon E. Ormbsy (apparently with the Federal Bureau of Investigation in Montgomery) stating that while he was in the health care unit on March 19, 2007, Nurse Bush passed by him and said, "Hi Courtney Boyd," turned a corner, and, allegedly, stated, "I hate that Black Ass nigger."  (See Ex. "A-6" and "D").  Mr. Boyd admits in this correspondence, however, that he does not know if Nurse Bush was the person who made the alleged statement. (Id.)

6

Nurse Bush has never made any racially derogatory statements toward or regarding Mr. Boyd. (See Ex. "D"). In fact, Nurse Bush did not address Mr. Boyd in any way on March 19, 2007. (Id.) Subsequent to learning that Mr. Boyd had made false statements regarding these alleged derogatory comments, Nurse Bush filed a complaint and report with Capt. Kenneth Sconyers on March 20, 2007. (See Ex. "A-7" and "D"). Mr. Boyd was charged with violation of Rule 41, "Making false statement or Charge to a DOC employee with intent to deceive the employee or to prejudice another person." (Id.) Mr. Boyd was placed in a restricted private dorm pending disciplinary action. (Id.)

### III. DEFENSES

The Medical Defendants assert the following defenses to the Plaintiff's claims:

1.    The Medical Defendants deny each and every material allegation contained in the Plaintiff's Complaint, or amended Complaint, and demand strict proof thereof.

2.    The Medical Defendants plead not guilty to the charges in the Plaintiff's Complaint.

3.    The Plaintiff's Complaint fails to state a claim against the Defendants for which relief can be granted.

4.    The Medical Defendants affirmatively deny any and all alleged claims by the Plaintiff.

5.    The Plaintiff is not entitled to any relief requested in the Complaint.

6.    The Medical Defendants plead the defense of qualified immunity and aver that the actions taken by the Medical Defendants were reasonable and in good faith with

reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7.    The Medical Defendants are entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the Medical Defendants have violated any clearly established constitutional right.

8.    The Medical Defendants cannot be held liable on the basis of respondeat superior, agency, or vicarious liability theories.

9.    The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10.    The allegations contained in the Plaintiff's Complaint against the Medical Defendants sued in their individual capacities, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

11.    The Medical Defendants plead all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

12.    The Medical Defendants aver that they were at all times acting under color of state law and, therefore, they are entitled to substantive immunity under the law of the State of Alabama.

13.    The Medical Defendants plead the general issue.

14.    This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against the Medical Defendants

would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

15.    The Plaintiff's claims against the Medical Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

16.    Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

17.    The Medical Defendants plead the defense that at all times in treating Plaintiff they exercised the same degree of care, skill, and diligence as other physicians and nursing staff would have exercised under similar circumstances and that at no time did they act toward the Plaintiff with deliberate indifference to a serious medical need.

18.    The Medical Defendants plead the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render him liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19.    The Medical Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

20.    The Medical Defendants plead the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

21.    The Medical Defendants plead the affirmative defense that they are not responsible for the policies and procedures of the Alabama Department of Corrections.

22.    The Medical Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

23.    The Medical Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against them and that any such award would violate the United States Constitution.

24.    The Medical Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

25.    The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The Plaintiff has failed to pursue the administrative remedies available to him.  See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning Defendants' deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

26.    The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Defendants who are entitled to immunity.

27.    The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42  U.S.C. §1997(e).

28.    The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

29.    Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

money damages from the Medical Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

30.    The Medical Defendants assert that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court pursuant to 42 U.S.C. § 1988 to award these Medical Defendants reasonable attorney's fees and costs incurred in the defense of this case.

31.    The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. See Marie v. Nickels, 70 F., Supp. 2d 1252 (D. Kan. 1999).

## IV. <u>ARGUMENT</u>

A court may dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. Romero v. City of Clanton, 220 F. Supp. 2d 1313, 1315 (M.D. Ala. 2002), (citing, Hishon v. King & Spalding, 467 U.S. 69, 73, (1984). "Procedures exist, including Federal Rule of Civil Procedure 7(a), or Rule 12(e), whereby the trial court may "protect the substance of qualified immunity," Shows v. Morgan, 40 F. Supp. 2d 1345, 1358 (M.D. Ala., 1999). A careful review of Boyd's medical records reveals that Boyd has been given appropriate medical treatment at all times. (See Ex. "B" and "C"). All of the allegations contained within Boyd's Complaint are either inconsistent with his medical records, or are claims for which no relief may be granted. (Id.) Therefore, Boyd's claims against Defendants Darbouze and Wilson are due to be dismissed.

In order to state a cognizable claim under the Eighth Amendment, Boyd must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (U.S. 1976); McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999); Palermo v. Corr. Med. Servs., 148 F. Supp. 2d 1340, 1342 (S.D. Fla. 2001). In order to prevail, Boyd must allege and prove that he suffered from a serious medical need, that Defendants Darbouze and Wilson were deliberately indifferent to his needs, and that he suffered harm due to deliberate indifference. See Marsh v. Butler County, 268 F.3d 1014, 1058 (11th Cir. 2001) and Palermo, 148 F. Supp. 2d at 1342. "Neither inadvertent failure to provide adequate medical care nor a physician's negligence in diagnosing or treating a medical condition states a valid claim of medical mistreatment under the Eighth Amendment." Id. (citations omitted).

Not every claim by a prisoner that medical treatment has been inadequate states an Eighth Amendment violation. Alleged negligent conduct with regard to inmates' serious medical conditions does not rise to the level of a constitutional violation. Alleged medical malpractice does not become a constitutional violation merely because the alleged victim is a prisoner. See Estelle, 429 U.S. at 106, McElligott, 182 F.3d at 1254, Hill, 40 F.3d 1176, 1186 (11th Cir. 1994), Palermo, 148 F. Supp. 2d at 1342. Further, a mere difference of opinion between an inmate and the physician as to treatment and diagnosis cannot give rise to a cause of action under the Eighth Amendment. Estelle, 429 U.S. at 106-108.

Dr. Darbouze and Nurse Wilson may only be liable if they had knowledge of Boyd's medical condition, Hill, 40 F. 3d at 1191, and acted intentionally or recklessly to

12

deny or delay access to his care, or to interfere with treatment once prescribed. Estelle, 429 U.S. at 104-105. Obviously, Boyd cannot carry his burden. The evidence submitted with this Special Report clearly shows that these Defendants did not act intentionally or recklessly to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. The evidence demonstrates, to the contrary, that Boyd's claims are without merit. Appropriate standards of care were followed at all times. (Id.) These facts clearly disprove any claim that Dr. Darbouze and Nurse Wilson acted intentionally or recklessly to deny treatment or care.

Dr. Darbouze and Nurse Wilson are, further, entitled to qualified immunity from all claims asserted by Boyd in this action. There is no argument that these Defendants were not acting within the scope of their discretionary authority. See Eubanks v. Gerwen, 40 F. 3d 1157, 1160 (11th Cir. 1994); see also Jordan v. Doe, 38 F. 3d 1559, 1566 (11th Cir. 1994). Because Dr. Darbouze and Nurse Wilson have demonstrated that they were acting within the scope of their discretionary authority, the burden shifts to Boyd to show that these Defendants violated clearly established law based upon objective standards. Eubanks, 40 F. 3d at 1160. The Eleventh Circuit requires that before these Defendants' actions can be said to have violated clearly established constitutional rights, Boyd must show that the right allegedly violated was clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at

the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. See Brescher v. Von Stein, 904 F.2d 572, 579 (11th Cir. 1990) (quoting, Anderson v. Creighton, 483 U.S. 635, 640, (U. S. 1987)). The question that must be asked is whether the state of the law in 2007 gave these Defendants fair warning that their alleged treatment of Boyd was unconstitutional. Hope v. Pelzer, 536 U.S. 730, 741 (U.S. 2002).

Therefore, to defeat summary judgment, Boyd must be able to point to cases with "materially similar" facts, within the Eleventh Circuit, that would alert the Dr. Darbouze and Nurse Wilson to the fact that their practice or policy violates his constitutional rights. See Hansen v. Soldenwagner, 19 F.3d 573, 576 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." Lassiter v. Alabama A & M Univ., Bd. of Trustees, 28 F. 3d 1146, 1151 (11th Cir. 1994). These Defendants submit that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Courts sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that these alleged actions violated Boyd's constitutional rights. All of Boyd's medical needs have been addressed or treated. (See Ex. "B" and "C"). Dr. Darbouze and Nurse Wilson have provided Boyd with appropriate medical care at all times. (Id.)

With regard to Plaintiff's claim that Nurse Bush violatd his constitutional rights pursuant to the Eighth and Fourteenth Amendments by alleging using racial slurs against

14

him, it is well settled that an allegation that a prison official used racial slurs, although unprofessional and reprehensible, does not rise to constitutional dimensions. See Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir. 1987) (per curiam); Young v. Ward, No. 97-3043, 98 U.S. App. LEXIS 13397, 1993 WL 384564 (6th Cir. June 18, 1998) (citing Torres v. County of Oakland, 758 F.2d 147, 152 (6th Cir. 1985)); Thaddeus-X v. Langley, No. 96-1282, 1997 U.S. App. LEXIS 9045, 1997 WL 205604 (6th Cir. Apr. 24, 1997) (verbal harassment is insufficient to state a claim); Clark v. Turner, No. 96-3265, U.S. App. LEXIX 33113, 1996 WL 721798 (6th Cir. Dec. 13, 1996) ("Verbal harassment and idel threats are generally not sufficient to constitute an invasion of an inmate's constitutional rights."); Brown v. Toombs, No. 92-1756, 1993 U.S. App. LEXIS 1400, 1993 WL 11882 (6th Cir. Jan. 21, 1993) ("Brown's allegation that a corrections officer used derogatory language and insulting racial epithets is insufficient to support his claim under the Eighth Amendment.").

Moreover, the evidence now before the Court shows definitively that Nurse Bush *never* made any racially derogatory comments toward Mr. Boyd. (See Ex. "D"). In fact, the evidence shows that Mr. Boyd is uncertain with regard to who made the alleged remarks. (See Ex. "A-6").

Finally, pursuant to the Court's Order, the Medical Defendants request that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment. The Defendants have demonstrated both through substantial evidence and appropriate precedent that there is not any genuine issue of material facts relating to any constitutional violation, and that they are, therefore, entitled to a judgment

in their favor as a matter of law. The Plaintiff's submissions clearly fail to meet his required burden.

## V. CONCLUSION

The Plaintiff's Complaint is due to be dismissed on its face, and is, further, disproven by the evidence now before the Court. All of the Plaintiff's requests for relief are without merit. Accordingly, the Medical Defendants request that this Honorable Court either dismiss the Plaintiff's Complaint with prejudice, or enter a judgment in their favor.

Respectfully submitted,

s/ R. Brett Garrett
R. BRETT GARRETT (GAR085)
Attorney for Defendants Jean
Darbouze, M.D., Kay Wilson, R.N.,
H.S.A. and Susanne Bush, L.P.N.

OF COUNSEL:

RUSHTON, STAKELY, JOHNSTON &
  GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 206-3138
Fax: (334) 481-0808
E-mail: bg@rsjg.com

16

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the $\underline{14^{th}}$ day of <u>August, 2007</u>, to:

Courtney Boyd (AIS# 208921)
EASTERLING CORRECTIONAL FACILITY
200 Wallace Drive
Clio, Alabama 36017

<u>s/ R. Brett Garrett</u>
Of Counsel

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# EMERGENCY

| ADMISSION DATE | TIME | ORIGINATING FACILITY _ECF_ | |
|---|---|---|---|
| 03 /19 /07 | 6:50 AM (PM) | ☐ SIR ☐ PDL ☐ ESCAPEE ☐ _____ | ☐ SICK CALL ☐ EMERGENCY ☐ OUTPATIENT |

| ALLERGIES NKDA  Wt. 172  O₂ 100% | CONDITION ON ADMISSION ☑GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA |
|---|---|

VITAL SIGNS: TEMP __97.4__ ORAL/RECTAL  RESP __20__  PULSE __108__  B/P __128/76__  RECHECK IF SYSTOLIC <100> 50 ____/____

**NATURE OF INJURY OR ILLNESS**

S: "My back hurts and I'm having chest pains."

| ABRASION /// | CONTUSION # | BURN ×× ×× | FRACTURE Z Z | LACERATION / _____ SUTURES |
|---|---|---|---|---|

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

**PHYSICAL EXAMINATION**

O: B/m to HCU c̄ slow steady gait. A&O x 3 Resp. even et unlabored. skin w/d to touch. c/o sharp pain to back and chest. States that chest hurts when he feels a pain in his back. Ø N/V. Ø SOB. Pain does not radiate. EKG performed @ this time c̄ normal reading.

A: alt. comfort

P: Paged MD @ 7:05P. Return call 7:45P c̄ new orders.

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| Tylenol 1gm PO NOW | 7:45P | RA |
| Maalox 30cc PO NOW | 7:45P | RA |

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT**

| DISCHARGE DATE | TIME | RELEASE / TRANSFERRED TO | ☑ DOC ☐ AMBULANCE ☐ | CONDITION ON DISCHARGE |
|---|---|---|---|---|
| 03 /19 /07 | AM PM | | | ☑ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |

| NURSE'S SIGNATURE | DATE | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|
| RD___ LPN | 3/19/07 | | | |

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S |
|---|---|---|---|
| Boyd, Courtney | 208921 | 12/11/81 | B/m |

EXHIBIT
A-1
Blumberg No. 5116

(White - Record Copy, Yellow - Pharmacy Copy)

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

## EMERGENCY

| ADMISSION DATE 3/22/07 | TIME 645 AM (PM) | ORIGINATING FACILITY GCF □ SIR □ PDL □ ESCAPEE □_____ | □ SICK CALL □ EMERGENCY ☒ OUTPATIENT |

| ALLERGIES wt 175  ʘSat 97% | CONDITION ON ADMISSION ☒GOOD □ FAIR □ POOR □ SHOCK □ HEMORRHAGE □ COMA |

VITAL SIGNS: TEMP _97.6_ ORAL/RECTAL    RESP _18_    PULSE _101_    B/P _120/78_    RECHECK IF SYSTOLIC <100> 50 ___/___

NATURE OF INJURY OR ILLNESS

S: "My chest keeps hurting my food keeps coming up & my throat. The officer had my zantac and said they gave it to ya'll"

O: BM ambulate to HCU ʘSteady gait. A&O X 3, Skin W/D, resp. even et unlabored. No acute distress noted. Wanted MD called about gett zantac renewed told IM that was not an emergency. IM got upset says then I want an EKG. Told IM EKG not indicated @ this time.

A: alt in comfort
P: Release to DOC

| ABRASION /// | CONTUSION # | BURN xx xx | FRACTURE Z Z | LACERATION / _____ SUTURES |

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| Maalox 30cc po (Refused) | | |

PHYSICAL EXAMINATION

DIAGNOSIS

INSTRUCTIONS TO PATIENT
Sign up for SC to get zantac renewed

| DISCHARGE DATE 3/22/07 | TIME 7 AM/PM | RELEASE / TRANSFERRED TO ☒DOC □ AMBULANCE □ | CONDITION ON DISCHARGE ☒SATISFACTORY □ POOR □ FAIR □ CRITICAL |

| NURSE'S SIGNATURE | DATE 3/22/07 | PHYSICIAN'S SIGNATURE | DATE 3/27/07 | CONSULTATION |

| INMATE NAME (LAST, FIRST, MIDDLE) Boyd Courtney | DOC# 208921 | DOB 12/11/81 | R/S Bm |

IS-MD-70007

(White – Record Copy, Yellow – Pharmacy Copy)

EXHIBIT A.2

Blumberg No. 5118



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# EMERGENCY

| ADMISSION DATE | | TIME | | ORIGINATING FACILITY ~~PHS~~ | | ☐ SICK CALL  ☐ EMERGENCY |
|---|---|---|---|---|---|---|
| 3 | 23/07 | 500 | ⒶM/PM | ☐ SIR  ☐ PDL  ☐ ESCAPEE  ☐ _____ | | ☐ OUTPATIENT |

| ALLERGIES  UKA | CONDITION ON ADMISSION |
|---|---|
| | ☒ GOOD  ☐ FAIR  ☐ POOR  ☐ SHOCK  ☐ HEMORRHAGE  ☐ COMA |

VITAL SIGNS: TEMP __98__ ORAL/RECTAL   RESP. __16__   PULSE __66__   B/P __120__ / 8⁰   RECHECK IF SYSTOLIC <100> 50 ___/___

| NATURE OF INJURY OR ILLNESS | | ABRASION /// | CONTUSION # | BURN xx/xx | FRACTURE Z/Z | LACERATION / SUTURES |
|---|---|---|---|---|---|---|

S - I WAS mopping in the Lobby.
I slipped on a puddle of water.
Back began to hurting - Back went out
And Rt. Leg start numbing.
O - Alert - orientated X 3 - Went to
to HCU per stretcher by Ambulow -
When Nurses Arrived he was there on floor
With Legs Lying on Floor - head
was holding partially up with his Lt
hand stated Left side of Neck hurt
And he could not walk - Neck Brace
placed on Pt. And was placed on smooth

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

**PHYSICAL EXAMINATION**

Transported to HCU by P.Stephen And D.Arrildon
DR DArbee in the Facility
Stat Capillary Refill noted to nail beds
Less than 3 seconds on Feet - Good petal pulses
Present - Able to move Toes To stimuli
of Feet

A - Alt. Comfort (Pain)

P - See DR DArbee - Was seen by DR DArbee
Neck brace Remove And Hard Board Remove
9:45pm - Left Ambulatory
to own cell - Collar and Hard
board.

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| Tylenol 1g → to RD weight gel | | |
| Flexeril 10 mg | | |

**DIAGNOSIS**   Back Pain

**INSTRUCTIONS TO PATIENT**   How to come to pill calls Rd sure Long

| DISCHARGE DATE | | TIME | | RELEASE / TRANSFERRED TO | CONDITION ON DISCHARGE |
|---|---|---|---|---|---|
| 3 | 23 | 07 | 9:40 ⒶM/PM | 3-23-07  ☐ DOC  ☐ AMBULANCE  ☒ PSP | ☒ SATISFACTORY  ☐ POOR  ☐ FAIR  ☐ CRITICAL |

| NURSE'S SIGNATURE | DATE | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|
| D.Arrildon | 7-23-07 | | | |

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S |
|---|---|---|---|
| Boyd - Courtny | 208921 | 12-11-81 | B/m |

EXHIBIT A-3
Bumbug No. 5116



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# EMERGENCY

| ADMISSION DATE 3/23/07 | TIME 10:35 ☐AM ☑PM | ORIGINATING FACILITY Easterling ☐ SIR ☐ PDL ☐ ESCAPEE | | ☐ SICK CALL  ☐ EMERGENCY ☑ OUTPATIENT |
|---|---|---|---|---|
| ALLERGIES NKDA | Wt 172 | CONDITION ON ADMISSION ☑ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA | | |

VITAL SIGNS: TEMP 98.3  ORAL ☐ RECTAL   RESP 18   PULSE 72   B/P 108/88   RECHECK IF SYSTOLIC <100> 50 ___

| NATURE OF INJURY OR ILLNESS | ABRASION /// | CONTUSION # | BURN XX XX | FRACTURE Z Z | LACERATION / ___ SUTURES |
|---|---|---|---|---|---|
| S: "I went into CA and they threw me on the ground & cuffed me." | | | | | |

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

PHYSICAL EXAMINATION

O: Inmate to HCU for Doc Body Chart. Inmate states my knees & my head hurts. Inmate has scrape noted to (L) knee. No bleeding noted @ this time. no injuries noted to head noted @ this time — no other cuts, bruises or abrasion noted @ this time. A&O×3. Skin WD to touch. Resp easy. No S/S noted & no visible distress noted.
A. Doc Body Chart

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| P: no Rx indicated @ this time | | |
| | | |
| | | |
| | | |

DIAGNOSIS

INSTRUCTIONS TO PATIENT
Return if needed

| DISCHARGE DATE 3/23/07 | TIME 10:36 ☐AM ☑PM | RELEASE / TRANSFERRED TO ☐ DOC ☐ AMBULANCE ☐ | CONDITION ON DISCHARGE ☑ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
|---|---|---|---|
| NURSE'S SIGNATURE _____ | DATE 3/23/17 | PHYSICIAN'S SIGNATURE | DATE 3/23/07  CONSULTATION |

| INMATE NAME (LAST, FIRST, MIDDLE) Boyd Courtney | DOC# 208921 | DOB 12/11/81 | R/S B/m |
|---|---|---|---|

Blumberg No. 5116

EXHIBIT
A-4

## Prison Health Services, Inc.

### Inmate Grievance

NAME _____ AIS # _208921_     UNIT _C-1-29A_     DATE _3-15-07_

**PART A – Inmate Grievance**

I will like to talk with you about you + nurse MS.
Plash. every time she see me she tell her Raise or if she
write me because I'm a Med man. That's not a Complant
account how i am. once again fail to do anything about it,
Also I seen the Doctor on 3-2-07. None of the nurse took
my vital sign. and when I seen the Doctor   I told him
and he said that they don't have to take my vital sign
at all. I be out there very week I feel that I'm being
done wrong because of SUIT. I filed. If you can't deal with
the I Please give me a Grievance Appeal so I don't take my
Complaint higher. So please call my up-to-fill till my mother
this to me. SUIT fail to talk with me about everthing. I feel that
nurse Plash my hurt me. Marie _____
this problem I know it hard to do this         INMATE SIGNATURE _____
to you, but to me it must be done.

**PART B – RESPONSE**     DATE RECEIVED _3-16-07_

Vital signs are taken on patients as
medically indicated. All patients are
seen + treated regardless of age, race,
etc. KWilson, RN/HSA

                                        _3-20-07_
                                        P.H.S. Department Head Signature _____
                                        K Wilson, RN/HSA
                                        DATE

If you wish to appeal this review you may request a <u>Grievance Appeal</u> form from the Health
Services Administrator. Return the completed form to the attention of the; Health Service
Administrator. You may place the form in the sick call request box or give it to the segregation
sick call nurse on rounds.

**H.S.A. Selection:**

| | | Y | N | | | Y | N |
|---|---|---|---|---|---|---|---|
| I | Dissatisfied with Quality of Medical Care | ☐ | ☐ | VI Delay in Health Care Provided | | ☐ | ☐ |
| II | Dissatisfied with Quality of Dental Care | ☐ | ☐ | VII Problems with Medication | | ☐ | ☐ |
| III | Dissatisfied with Quality of Mental Health Care | ☐ | ☐ | VIII Request to be seen | | ☐ | ☐ |
| IV | Dissatisfied with Response to Non-Medical Request | ☐ | ☐ | IX Request for Off-site Specialty Care | | ☐ | ☐ |
| V | Conduct of Healthcare Staff | ☐ | ☐ | X Other | | ☐ | ☐ |

Committee Review of Data Collection

11/03 – Alabama
Revised 5/16/05

MAR 1 6 2007


EXHIBIT
A-5

*Copy*

Mr. Courtney Boyd #208921 C-1-29    Date 3-19-07
E.C.F.
200 Wallace Dr.
Clio. Al 36017

Ms. Sharon E. Ormsby (F.B.I.) (334) 263-1691
One Commerce St. ste. 606
Montgomery, AL 36104
REIn: Negligence & Discrimination
Dear Ms. Ormsby,

Greeting. I'm writing to you today because I have filed
Over (1) Complaint against nurse Bush for Picking at me.
I just filed a Complaint against her because I feel as if She
hate me because I'm black. Well on 3-19-07, I was about to
see the Doctor, when she came pass me saying "Hi Courtney Boyd".
She went on around to corner, and that's when I hear Someone Say
"I hate that Black Ass Nigger!" Now I don't know if she said this,
but she was the only one, who around the corner. I really think
nurse Bush said this. I'm writing you and my Counsel, because
my mother said I should. Believe the last time I filed a Complaint
against her, she had me put into jail. So now I'm writing you, and
Sending her Boss a Copy of this because she may get a Officer or
another nurse to write me up. So I'm sending her Boss a Copy of
this letter and I hope she will call me over to talk with me on this
matter. Please Come to see me on this Problem. Thank-you.
Courtney Boyd

"My Last Cry For Help!!"


EXHIBIT
A-6

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT

| 1. Institution: **Easterling Correctional Facility** | 2. Date: **March 19, 2007** | 3. Time: **2:00PM** | 4. Incident Number: **ECF 07- 274** | Class Code: **C** |
|---|---|---|---|---|

| 5. Location Where Incident Occurred: **Health Care Unit**   RECEIVED MAR 2 6 2007 | 6. Type of Incident: **R/V# 41-Making False Statement or Charges** |
|---|---|

| 7. Time Incident Reported: **10:00AM March 20, 2007** | 8. Who Received Report: **Captain Kenneth Sconyers** X /s/ Sconyers Capt |
|---|---|

**9. Victims:**

| | Name | | No. | AIS |
|---|---|---|---|---|
| a. | N/A | | No. | N/A |
| b. | | | No. | |
| c. | | | No. | |

| 10. Suspects: Name | AIS | 11. Witnesses: Name | AIS |
|---|---|---|---|
| a. **Courtney Boyd**   No. **B/208921** | | a. N/A   No. N/A | |
| b.   No. | | b.   No. | |
| c.   No. | | c.   No. | |
| d.   No. | | d.   No. | |
| e.   No. | | e.   No. | |
| | | f.   No. | |
| | | g.   No. | |

**PHYSICAL EVIDENCE:**

12. Type of Evidence

N/A

13. Description of Evidence

N/A

14. Chain of Evidence

a. N/A
b.
c.
d.
e.

15. Narrative Summary:

On March 19, 2007, Susanne Bush, LPN, was working in the Health Care Unit. At approximately 2:00PM, Inmate Courtney Boyd, B/208921, was in the Health Care Unit for a medical appointment. Nurse Bush walked past Inmate Boyd in the Health Care Unit hallway. Nurse Bush did not speak to Inmate Boyd while he was in the Health Care Unit; nor did she address him in any way. After Inmate Boyd left the Health Care Unit, he wrote a complaint on Nurse Bush which was a false statement (See attached). In the complaint, he stated that Nurse Bush said, "I hate that black ass nigger!" Kay Wilson, RN,HSA, reported the complaint to Captain Kenneth Sconyers on March 20, 2007, at approximately 10:00AM. Inmate Boyd remained in the Restricted Privilege Dorm pending disciplinary action for Violation of Rule #41-Making False Statement or Charge to a DOC Employee with Intent to Deceive the Employee or to Prejudice Another Person. No further action taken at this time.

*Susanne Bush, LPN*
Susanne Bush, LPN

Distribution:   ORIGINAL AND ONE (1) COPY to Central I & I Division    COPY to Deputy Commissioner of Operations (Class A and B ONLY)
                COPY to Institutional File                              COPY to Central Records Office

ADOC Form 302-A – June 1, 2005

EXHIBIT
A-7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

COURTNEY BOYD (AIS # 208921),       §
                                     §
        Plaintiff,                   §
                                     §        Civil Action No.: 2:07-cv-524-MEF
vs.                                  §
                                     §
SUSANNE BUSH, et al.,                §
                                     §
        Defendants.                  §

### AFFIDAVIT OF JEAN DARBOUZE, M.D.

BEFORE ME, __Linda E. Teal__, a notary public in and for said County and State, personally appeared **JEAN DARBOUZE, M.D.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

"My name is Jean Darbouze. I am a medical doctor and am over twenty-one years of age. I have been a licensed physician in Alabama since 1996 and have been board certified in internal medicine since 1997. From February of 2000 through February of 2004, and again from April 16, 2004 through the present, have I served as the Medical Director for Easterling Correctional Facility in Clio, Alabama. Since November 3, 2003, and at all times relevant to this case, my employment as Easterling's Medical Director has been with Prison Health Services, Inc., the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates.

Courtney Boyd (AIS # 208921) is an inmate who has been incarcerated at Easterling Correctional Facility at all pertinent times. I am familiar with Mr. Boyd and have been involved with the medical services provided to him at Easterling. In addition,



I have reviewed Mr. Boyd's Complaint in this action as well as his medical records (certified copies of which are being produced to the Court along with this Affidavit).

It is my understanding that Mr. Boyd has alleged in this action that I failed to provide him with appropriate medical care and treatment between March 19, 2007 and March 26, 2007. While Mr. Boyd does not specify in his Complaint how I have failed to treat any of his medical conditions, a review of this inmate's medical records indicates that he has received appropriate care and treatment for his conditions at all times.

On March 19, 2007, Mr. Boyd presented to Easterling's health care unit with a subjective complaint for back and chest pain. It was noted that Mr. Boyd ambulated to the health care unit with a slow, steady gait. He was found to be alert and oriented times three with even and unlabored respirations. His skin was dry to the touch and he had no nausea, vomiting or shortness of breath. His pain did not radiate. Mr. Boyd was afforded an EKG, which was normal. He was given Tylenol for pain and Maalox, an acid reducer, for reflux.

Mr. Boyd returned to the health care unit three days later on March 22, 2007 with continuing complaints for acid reflux. It was again noted that Mr. Boyd ambulated to the health care unit with a steady gait. He was alert and oriented times three, with dry skin and even and unlabored respirations. He was noted to be in no acute distress. Mr. Boyd requested Zantac and a repeat EKG. Mr. Boyd was instructed that a repeat EKG was not indicated on this date. He was offered Maalox, which was refused.

The next day, March 23, 2007, Mr. Boyd again presented to the health care unit stating that he slipped on a puddle of water while "mopping the lobby." Mr. Boyd complained that his "back went out" and that his right leg "started numbing." He was

2

placed in a neck brace pending evaluation. I evaluated Mr. Boyd and determined that he was in no acute distress. His neck brace was removed and he was given Tylenol and Flexeril for pain and stiffness. Later that day, Mr. Boyd was brought to the health care unit by correctional officers for an ADOC body chart following an altercation with corrections personnel. Mr. Boyd was evaluated and it was determined that he had a scrape on his left knee without bleeding. There were no injuries noted to his head; no other cuts, bruises or abrasions were noted. He was found to be alert and oriented times three. No complaints were voiced and no other visible disturbance was noted. Mr. Boyd was scheduled to present to the health care unit on March 25, 2007 for evaluation, but refused.

Based on my review of Mr. Boyd's medical records, and on my personal knowledge of the treatment provided to him, it is my opinion that all of his medical conditions and complaints have been evaluated and treated in a timely and appropriate fashion. Mr. Boyd has been seen and evaluated by the medical or nursing staff, and has been referred to an appropriate care provider and given appropriate care, each time he has registered any health complaints at Easterling Correctional Facility.

At all times, myself and the other healthcare providers at Easterling have exercised the same degree of care, skill, and diligence as other similarly situated health care providers would have exercised under the same or similar circumstances. In other words, it is my opinion that the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate.

At no time have I or any of the medical or nursing staff at Easterling Correctional Facility denied Mr. Boyd any needed medical treatment, nor have we ever acted with

3

deliberate indifference to any serious medical need of Mr. Boyd. At all times, Mr.

Boyd's medical complaints and conditions have been addressed as promptly as possible

under the circumstances."

Further affiant sayeth not.

_____
JEAN DARBOUZE, M.D.

STATE OF ALABAMA            )
                           )
COUNTY OF _Barbour_        )

    Sworn to and subscribed before me on this the ___14th___ day of __August__

200Я.7

_Linda E. Jeal_
Notary Public
MyCommissionExpires
___7-11-11___

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

COURTNEY BOYD (AIS # 208921),    §
                                 §
  Plaintiff,           §
                                 §  Civil Action No.: 2:07-cv-524-MEF
vs.                              §
                                 §
SUSANNE BUSH, et al.,            §
                                 §
  Defendants.          §

## AFFIDAVIT OF KAY WILSON, R.N., H.S.A.

BEFORE ME, ___*Linda E. Teal*___, a notary public in and for said

County and State, personally appeared **KAY WILSON, R.N., H.S.A.**, and being duly

sworn, deposed and says on oath that the averments contained in the foregoing are true to

the best of her ability, information, knowledge and belief, as follows:

"My name is Kay Wilson. I am over the age of twenty-one and am personally

familiar with all of the facts set forth in this Affidavit. I have been a licensed, registered

nurse in Alabama since 1985. I hold a Bachelor's Degree in nursing from Troy State

University. Since 1985, I have practiced nursing in a variety of positions and settings. In

particular, I have worked as a nurse at Easterling Correctional Facility in Clio, Alabama,

since March of 2001. Since November 3, 2003, I have been employed as the Health

Services Administrator (H.S.A.) for Easterling Correctional Facility by Prison Health

Services, Inc., the company which currently contracts with the Alabama Department of

Corrections to provide medical services to inmates.

Courtney Boyd (AIS #208921) is an inmate who has been incarcerated at

Easterling Correctional Facility at all pertinent times. I am familiar with Mr. Boyd and



EXHIBIT
C

have been involved with the medical services provided to him at Easterling. In addition, I have reviewed Mr. Boyd's Complaint in this action as well as his medical records (certified copies of which are being produced to the Court along with this Affidavit).

It is my understanding that Mr. Boyd has made an allegation in this matter that I failed to provide him with appropriate medical treatment between March 19, 2007 and March 26, 2007. Mr. Boyd does not, however, specify (1) that medical treatment I failed to provide, or (2) how I failed to provide him with appropriate treatment. I defer to Jean Darbouze, M.D. with regard to the medical treatment provided to this inmate between March 19, 2007 and March 26, 2007.

Based on my review of Mr. Boyd's medical records, however, and on my personal knowledge of the treatment provided to him, it is my opinion that his medical conditions have been evaluated and treated in a timely and appropriate fashion at Easterling Correctional Facility. At all times, myself and the other healthcare providers at Easterling exercised the same degree of care, skill, and diligence as other similarly situated health care providers would have exercised under the same or similar circumstances. In other words, it is my opinion that the appropriate standard of care was adhered to at all times in providing medical care, evaluation, and treatment to this inmate. At no time did I or any of the medical or nursing staff at Easterling Correctional Facility deny Mr. Boyd any needed medical treatment, nor did we ever act with deliberate indifference to any serious medical need of Mr. Boyd. At all times, Mr. Boyd's medical conditions were addressed as promptly as possible under the circumstances. "

Further affiant sayeth not.

2

_Kay Wilson, RN/HSA_
**KAY WILSON, R.N., H.S.A.**

STATE OF ALABAMA          )
                          )
COUNTY OF _Barbour_       )

Sworn to and subscribed before me on this the ___14th___ day of ___August___
2008.7

_Linda E. Teal_
Notary Public
MyCommissionExpires
___7-11-11___

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

COURTNEY BOYD (AIS # 208921),          §
                                       §
          Plaintiff,                   §
                                       §          Civil Action No.: 2:07-cv-524-MEF
vs.                                    §
                                       §
SUSANNE BUSH, et al.,                  §
                                       §
          Defendants.

## AFFIDAVIT OF SUSANNE BUSH, L.P.N.

BEFORE ME, _Linda E. Teal_, a notary public in and for said County and State, personally appeared **SUSANNE BUSH, L.P.N.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of her ability, information, knowledge and belief, as follows:

"My name is Susanne Bush, L.P.N. I am over the age of twenty-one and am personally familiar with all the facts set forth in this Affidavit. I have been a licensed practical nurse in Alabama since 1995. I have worked continuously as a nurse at Easterling Correctional Facility in Clio, Alabama since that time. Since November 3, 2003, and at all times relevant to this case, my employment has been with Prison Health Services, Inc., the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates.

Courtney Boyd (AIS #208921) is an inmate currently incarcerated at Easterling Correctional Facility. I have reviewed Mr. Boyd's Complaint in this action as well as his medical records (certified copies of which have previously been produced to the Court).



It is my understanding that Mr. Boyd has made a claim in this action that I made racially discriminative comments to him on March 19, 2007 when he presented to Easterling's health care unit. Mr. Boyd's claims in this regard are false.

On March 19, 2007, Mr. Boyd submitted an inmate grievance form to Kay Wilson, R.N., H.S.A. stating that I refused to take Mr. Boyd's vital signs on that date due to his race. Specifically, Mr. Boyd stated in his grievance, "[n]urse Ms. Bush every time she see me, she kick her noise as if she hate me because I'm a Black man!" Mr. Boyd subsequently submitted a letter to Ms. Sharon E. Ormbsy (apparently with the Federal Bureau of Investigation in Montgomery) stating that while he was in the health care unit on March 19, 2007 I passed by him and said, "Hi Courtney Boyd," turned a corner, and, allegedly, stated, "I hate that Black Ass nigger." Mr. Boyd admits in this correspondence, however, that he does not know if I was the person who made the alleged statement.

I have never made any racially derogatory statements toward or regarding Mr. Boyd. In fact, I did not address Mr. Boyd in any way on March 19, 2007. Subsequent to learning that Mr. Boyd had made false statements regarding these alleged derogatory comments, I filed a complaint and report with Capt. Kenneth Sconyers on March 20, 2007. Mr. Boyd was charged with violation of Rule 41, "Making false statement or Charge to a DOC employee with intent to deceive the employee or to prejudice another person." Mr. Boyd was placed in a restricted private dorm pending disciplinary action.

Further affiant sayeth not.

**SUSANNE BUSH, L.P.N.**

STATE OF ALABAMA       )
                             )
COUNTY OF _Barbour_  )

      Sworn to and subscribed before me on this the ___14th___ day of __August__.
2008.7

_Linda E. Deal_
Notary Public
MyCommissionExpires
___7-11-11___

3