IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COURTNEY BOYD, #208921, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-524-MEF |
| | ) |
| SUSANNE BUSH, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTIONS**

Upon consideration of the motion to resubmit discovery requests (Court Doc. No. 52), motion for discovery (Court Doc. No. 53) and motions for interrogatories (Court Doc. No. 54 and Court Doc. No. 55), filed by the plaintiff on October 16, 2007, and in accordance with this court's authority to limit the scope of discovery, it is

ORDERED that:

1. The motions be and are hereby GRANTED to the extent the plaintiff seeks additional access to his prison file and institutional medical records. All relevant information and those documents which could reasonably lead to the discovery of admissible evidence with respect to the claims pending in this cause of action are contained in the aforementioned documents and can therefore be obtained by the plaintiff during his review of such records.

2. The motions be and are hereby GRANTED to the extent the plaintiff seeks copies of the *disciplinary reports* lodged against him in March of 2007 for his violations of Rule

No. 41, Rule No. 44 and Rule No. 56 as the defendants have failed to produce such documents pursuant to the directives of previous orders entered in this case.

    3. The motions be and are hereby DENIED in all other respects as the plaintiff seeks production of information and documents which (i) are cumulative or duplicative in nature to information provided in the special report(s) filed by the defendants and previous responses submitted by the defendants to discovery requests, (ii) are irrelevant to a determination of the constitutional issues before this court, and (iii) would be overly burdensome on the defendants.

    4. On or before November 6, 2007, the defendants shall allow the plaintiff to inspect and/or copy all documents contained in his inmate file and prison medical records which are within the care, custody or control of the defendants. **The plaintiff is hereby informed that neither prison officials nor medical personnel are required to provide him with copies of documents without prepayment of all costs associated with producing the copies**. **Thus, if the plaintiff seeks to obtain photocopies of documents contained in his medical records, he must in accordance with applicable prison rules/regulations make prepayment to the appropriate official of all costs related to producing the copies.** The plaintiff is advised that: (i) he may utilize any means available to produce the requisite copies including, but not limited to, handwritten copies of the evidentiary materials he seeks to retain for himself and/or submit to this court; and (ii) he must procure any and all copies of the necessary documents upon being given access to such documents in

accordance with this order.  **The plaintiff is hereby cautioned that** *no further orders will be entered requiring additional access to his institutional file or medical records* **unless he is able to establish that exceptional circumstances warrant additional production of these documents**.

    5.  On or before November 6, 2007, the correctional defendants shall file a supplemental special report which contains complete copies of the disciplinary reports lodged against the plaintiff in March of 2007 for his violations of Rule No. 41, Rule No. 44 and Rule No. 56.

    Done this 17th day of October, 2007.


       /s/ Charles S. Coody
    CHARLES S. COODY
    CHIEF UNITED STATES MAGISTRATE JUDGE